Amo Sacchi, App't. } 
vs. } No. 90486.
Carleton E. Bauldry }

Carleton E. Bauldry }
vs. } No. 90487.
Amo Sacchi, App't. }

January 16, 1934.

POULIOT, J. These are counter suits brought as a result of an automobile collision on Conant Street, near Weeden Street, Pawtucket, on the early morning of October 18, 1932, and are before the Court on motions by Bauldry for a new trial in each case after a jury returned verdicts in favor of Sacchi.

This is not an intersection case. The collision took place on Conant Street, about twelve feet south of Weeden Street.

Sacchi's testimony is that he was travelling north on Conant Street; that the street, on his right hand side, curved to the right; that the curve was gradual and that one could see for a distance of 46 feet before his view was blocked with reference to traffic on Weeden Street coming from the East toward Conant Street; that when he first observed Bauldry's car, he was then about twelve feet south of Weeden Street and about three to four feet away from the Bauldry car, then the two cars came together.

Bauldry's story is that he entered Conant Street from Weeden Street, saw Sacchi's car about fifty feet away, tried to increase his speed to get out of Sacchi's way but that his wheels slipped on the wet pavement; that Sacchi's car skidded into his car and sent it backward eight to ten feet; that from the time he first saw the Sacchi car he travelled approximately twenty-five feet.

Both drivers stated they were going about fifteen miles per hour.

If Sacchi did not observe Bauldry's car until it was four feet away from him when he had 46 feet open view in front of him and to his right, he can't very well claim he was free from negligent conduct. He surely did not prove his freedom from negligence by the fair preponderance of the evidence.

It probably was negligent for Bauldry to attempt to cross Sacchi's path under the conditions of the road existing that morning, but if Sacchi travelled twenty-five feet after Bauldry first saw him, he might have had the last clear chance to avoid the accident and his negligence could have been the proximate cause of the accident.

If the verdict in each case had been for the defendant, then the Court would not have disturbed it, as there is evidence which would warrant such a finding.

The Court, however, feels that the jury decided only one case and disregarded the instructions with reference to the burden of proof.

Motion for new trial granted in each case.

For complainant: John Di Libero.

For respondent: Voigt, Wright & Munroe.